UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

PENNY LAPOINTE,

    Plaintiff,

V.

WAYNE MEMORIAL HOSPITAL, INC,

    Defendant.

COMPLAINT

## COMPLAINT

COMES NOW Plaintiff, Penny LaPointe, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint for Damages against Wayne Memorial Hospital, Inc. (Defendant), and states as follows:

### I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (ADA).

2. This Court has jurisdiction over the parties of this action because the employment practices described herein were committed within Wayne County, North Carolina.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4. Plaintiff exhausted her administrative remedies in this matter.

5. Plaintiff received her Notice of Right to Sue from the Equal Employment and Opportunity Commission (EEOC) and files this Complaint within the ninety (90) days

prescribed.

## II. PARTIES

6. Plaintiff is a citizen of the United States and a resident of North Carolina.

7. Defendant is a corporation registered to conduct business in the State of North Carolina.

8. Defendant may be served by delivering a copy of the Complaint and Summons to its registered agent, Janie Jaberg, located at 2700 Wayne Memorial Dr., Goldsboro, NC 27530.

9. Defendant employed fifteen (15) employees or more at all times relevant to this lawsuit.

10. Defendant is subject to the requirements of the ADA.

## III. FACTUAL ALLEGATIONS

11. Defendant hired Ms. LaPointe as a Registered Nurse in April 2017.

12. Ms. Lapointe worked in the Heart and Vascular/Interventional Radiology Department (Department).

13. As part of the hiring process, Ms. LaPointe disclosed her disability (Attention Deficit Disorder) and two medications, both of which were noted in her pre-employment drug screening.

14. At 7:30 am on November 29, 2017, Ms. LaPointe attended a meeting convened by her supervisor, Ms. Misty Alford, and attended by RNs in the Department

15. The purpose of this meeting was to discuss a complaint made by a travel nurse that her schedule had been changed without permission.

16. Ms. LaPointe told Ms. Alford that she had made the change, but only after getting approval from the travel nurse.

17. As the meeting closed, Ms. Alford asked Ms. LaPointe to stay behind.

18. Ms. Alford asked Ms. LaPointe repeatedly why she made the schedule change.

19. Ms. LaPointe's answer did not change during this interrogation.

20. Ms. Alford gave Ms. LaPointe a verbal warning as a result of the incident.

21. Later in the morning on November 29th, Ms. Alford asked Ms. Jill Phlippeau, Director of Surgical Services, to meet with her and Ms. LaPointe.

22. Almost immediately after arriving, Ms. Phlippeau accused Ms. LaPointe of being "incapacitated" and "under the influence."

23. By this time, Ms. LaPointe had been with Ms. Alford for over three (3) hours.

24. Ms. Alford accused Plaintiff of being unfocused.

25. During this meeting, Ms. LaPointe told Ms. Phlippeau and Ms. Alford that she had ADD.

26. Ms. LaPointe disclosed her ADD as a possible explanation why Ms. Alford and Ms. Phlippeau were frustrated with her ability to answer questions.

27. Ms. Alford and Ms. Phlippeau escorted Ms. LaPointe to employee health and ordered her to submit to drug testing or be terminated.

28. Ms. LaPointe gave both blood and urine samples.

29. Ms. Alford then took Ms. LaPointe's badge and told her to stay home pending the results.

30. The following Monday, Ms. LaPointe called pathology and learned that the Medical Review Officer had marked her results as negative.

31. Ms. LaPointe then called Ms. Alford to coordinate her return, but Ms. Alford told her to remain home because she had not seen the results herself.

32. On December 7, 2018, Ms. Alford terminated Ms. LaPointe.

33. The reason for termination was "reporting for duty or being on duty in an unfit or unsafe condition."

34. Ms. LaPointe had no prior discipline on her record prior to the November 29th incident.

35. Following her termination, the North Carolina Board of Nursing conducted an investigation and concluded the hospital's allegations of misconduct had no merit.

36. Other than the verbal warning on November 29th, Ms. LaPointe did not receive any disciplinary actions prior to her termination.

## IV. CLAIM FOR RELIEF

## COUNT I

## ADA FAILURE TO ACCOMMODATE

37. This section incorporates by reference paragraphs 1-36 of Ms. LaPointe's Complaint as if fully set forth herein.

38. Ms. LaPointe has a disability within the meaning of the ADA.

39. Defendant regarded Ms. LaPointe as having a disability within the meaning of the ADA.

40. Defendant had knowledge of Ms. LaPointe's disability both from her initial disclosure and the November 29th disclosure to Ms. Alston and Ms. Phlippeau.

41. Ms. LaPointe was qualified to perform the essential functions of her position with the reasonable accommodation of allowing her to take her prescribed medications.

42. That Ms. LaPointe was terminated after a negative drug test is a reasonable basis to infer pretext for discrimination.

43. Defendant's lack of a legitimate business reason for termination raises an inference of causation between her disability and the adverse action.

44. Ms. Alford's treatment of Ms. LaPointe raises an inference that she took an adverse action against Ms. LaPointe because Ms. LaPointe's disability symptoms manifested on November 29, 2017.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. A finding that Defendant violated Plaintiff's rights as set forth herein;

c. Full back pay plus interest, front pay, compensatory damages, punitive damages, reasonable attorney fees, and costs in accordance with the ADA; and

d. Any other relief this Court deems proper and just.

Date: October 31, 2018

        Respectfully submitted,
        THE KIRBY G. SMITH LAW FIRM, LLC

        s/Alexander C. Kelly
        Alexander C. Kelly
        North Carolina Bar No. 49308
        *Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
15720 Brixham Hill Avenue
Suite 300
Charlotte, NC 28277
T: (704) 729-4287
F: (877) 352-6253
ack@kirbygsmith.com

**JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 31st day of October, 2018.

                                      THE KIRBY G. SMITH LAW FIRM, LLC

                                      s/Alexander C. Kelly
                                      Alexander C. Kelly
                                      North Carolina Bar No. 49308
                                      *Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
15720 Brixham Hill Avenue
Suite 300
Charlotte, NC 28277
T: (704) 729-4287
F: (877) 352-6253
ack@kirbygsmith.com